## LEAH LINNVILLE, Respondent, *v.* GREEN B. SMITH, Appellant.

MARRIED WOMAN—RIGHTS OF UNDER DONATION LAW, HOW AFFECTED BY ACT OF LEGISLATURE OF 1852—NOT AFFECTED BY SUBSEQUENT REPEAL OF ACT.—An act of the Territorial Legislature of 1852 provided that all right and interest of a wife in land donated by the act of Congress, known as the "Donation Law," "should be secured to the sole and separate use and control of the wife." The act was repealed in 1853: *Held*, that a notification and settlement made while this act was in force, operated to make half of the claim settled on the separate property of the settler's wife from the date of the notification, and that the repeal of the act did not divest her of such right.

CONVEYANCE TO HUSBAND OF LAND PURCHASED WITH THE WIFE'S MONEY—EFFECT OF.—Where a conveyance is taken by a husband in his own name, without the wife's consent, of land purchased with the wife's money, and with the understanding on her part that the conveyance is to be made to her, she is in equity the owner of the land, and the husband is her trustee.

APPEAL from Douglas County.

The respondent was the owner of one half a donation land claim under the act of congress of 1850. The settlement and notification was made upon the claim about December, 1850, by William Linnville, respondent's husband. Subsequently the title was perfected to the land claimed, and the wife's half designated as provided by law. The wife's half was, in 1871, sold by the husband and wife. The husband subsequently bought other land with the money derived from this sale, the understanding between Linnville and his wife at the time of this purchase being that the land

purchased should be conveyed to the wife. Contrary to this understanding, and without the wife's consent, the husband, Linnville, had the conveyance made to himself. Afterwards, at her request, he conveyed the land to his wife, but in the meantime the appellant, Smith, had levied upon it for a debt of the husband.

The appellant brought suit praying for a decree declaring her the owner of the land levied upon, and for an injunction against the appellant in his proceedings to subject the land to the payment of his debt. The court below rendered a decree in accordance with the prayer of the complaint, whereupon Smith appealed.

*Kelsay, Yantis and Herman,* for appellant.

*F. A. Chenoweth,* for respondent.

By the Court, BOISE, J.:

The main question in the case is as to whether the donation land claim named in the complaint was the separate property of the plaintiff. This claim was held under the fifth section of the act of twenty-seventh of September, 1850, and it is claimed by the appellant that as the common law was in force in Oregon at the time of settlement and notification, the husband, by virtue of his marital rights, became on settlement on the claim vested in a life estate in the land, and became the absolute owner of the use of the land for his life, and that the wife had only a reversionary interest, to accrue to her on the death of her husband. Whatever construction may be given to the act of September 27, 1850, it will not, as we think, affect the rights of the parties to this suit. For on the twentieth day of January, 1852, the legislature of Oregon passed an act providing "that all right and interest of the wife in land donated by said act of twenty-seventh September, 1850, should be secured to the sole and separate use and control of the wife, and that she should have to her own use the rents and profits thereof, and that such land should in no manner be made liable to the debts of the husband." This act was in force at the time of the settlement and notification on said

and claim, and operated to make the plaintiff's half of said claim separate property.

It is claimed by the appellants that the repeal of this act in 1853 divested the plaintiff of her separate rights to this property. It is a general rule that the repeal of a law does not affect rights acquired under it, if the same are executed and not inchoate. Puffendorff says the law itself may be disannulled by the author, but rights acquired by virtue of that law while in force must still remain. (Smith on Statutory and Constitutional Construction, 895, sec. 775; also 881, secs. 760, 761.)

The plaintiff in this case became invested with the title to this land from the date of the notification, *Starr* v. *Starr*, 6 Wallace, 402, and by the operation of the statute she took the property to her separate use, if not under the donation law, at any rate under the act of the legislature. For there was nothing in the act of congress that limited her rights in this respect, and she took it under the law as absolutely as she could under a deed declaring it to be to her separate use, and the land was vested in her and the grant executed, and not executory or inchoate.

This view disposes of the only important question in the case. That the land in controversy in this case was deeded to the husband without her consent does not affect her right to it, as it was paid for with her money, and with the understanding by her that she was to have the deed made to herself. Under such circumstances, her husband would become her trustee, and she would be the owner of the land in equity. (21 Ohio, 547; 15 Barb. 276; 13 Cal. 494.)

In the argument of this case considerable discussion was had by counsel relative to the rights of a wife in her portion of a donation claim as to the matter of it being her separate property, and it was claimed by counsel for plaintiff that by the operation of the donation law the wife's half of a donation claim is separate property, and also that it is made such by the constitution of the state. These questions are of great interest to the people of the state, as they affect a large portion of the real estate of the country, and many important interests rest on the determination of these

questions.  The general understanding of the people has
been that the wife's portion of a donation claim is separate
property, and it has been generally treated as such.  But
the matter has not as yet been adjudicated by this court,
and we do not feel called upon to determine it in this case,
the discussion of which is placed in this court, as in the
court below, on the statute of 1852 above referred to.

The decree of the circuit court will be sustained.